UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAL NARANG,<br><br>                Plaintiff,<br><br>        v.<br><br>AMARJIT NARANG, et al.,<br><br>                Defendants. | Case No.  24-cv-09007-RFL<br><br>**SCREENING ORDER**<br>Re: Dkt. Nos. 1, 12 |

    Plaintiff Kamal Narang, who is representing herself, brings claims against seventeen individuals: Amarjit Narang, John Stanley, Bhupinder Bhandari, Mary Elizabeth Grant, Pareek Gautam, Alison S. Flowers, Swapna Anthoor, Dr. Pardeep Kumar, Kathy Sweatt, Antionique Avista, Chad Finke, Somnath Raj Chatterjee, Thomas Nixon, S. Pulido, C. Smiley, S. Sato, and S. Spain.  Although the Complaint is difficult to understand in places, it appears to allege that a family court matter filed in the Superior Court of California, County of Alameda in 2019 has turned into fraud and that each of the above-named Defendants were involved in that fraud. (Dkt. No. 1.)  The Complaint is comprised of a civil case cover sheet dated December 12, 2024 and approximate 130 pages of hand written and typed notes and medical records.  (*Id.*)  Kamal Narang also seeks to expedite her case.  (Dkt. No. 12.)

    Pursuant to 28 U.S.C. § 1915, the Court has reviewed the Complaint and concludes that it must be dismissed for lack of subject matter jurisdiction.  The motion to expedite is therefore denied as moot.

**I.    SCREENING REQUIREMENT**

    In cases where the plaintiff proceeds *in forma pauperis*, the Court is required to screen

the complaint. 28 U.S.C. § 1915(e)(2). If the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the case must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Pleadings filed by those acting without the benefit of a lawyer must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Nonetheless, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Here, the allegations in the Complaint appear to substantially overlap with a case that Kamal Narang filed in 2023, captioned *Narang v. Narang et al.*, 23-cv-307-HSG ("*Narang I*"). In *Narang I*, Kamal Narang was ordered to show cause why subject matter jurisdiction existed over her complaint, and was warned that her case might be dismissed. *See Narang I* at Dkt. No. 15. She did not respond to the order to show cause and the case was ultimately dismissed. *Id.* at Dkt. No. 21. This case must also be dismissed.

Just as in *Narang I*, Plaintiff appears to allege that a variety of individuals committed fraud in connection with the same family court matter. (Dkt. No. 1.) There is no federal question in this case because fraud is a state law claim. *See* 28 U.S.C. § 1331. Nor is there diversity jurisdiction. *See* 28 U.S.C. § 1332. First, there is not complete diversity between the parties as Plaintiff states that both she and all Defendants reside in California. Dkt. No. 1 at 1-4. Second, it does not appear that Plaintiff has pled that her claims meet the $75,000 threshold for the amount in controversy.

The Court further finds that amendment would be futile. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotations omitted). Kamal Narang has already filed a substantially similar suit,

which was dismissed without leave to amend for lack of subject matter jurisdiction, and has filed a new suit—on largely overlapping factual allegations—that suffers from the same infirmity. As a result, the Court finds that further amendment would be futile, and no leave to amend is granted.

The Court **DISMISSES** the case for lack of subject matter jurisdiction without prejudice. This dismissal does not bar the claims from being filed in state court. The request to expedite proceedings, styled as an "Ex Parte Application for cancer treatment" (Dkt. No. 12), is **DENIED AS MOOT**.

The Clerk is directed to enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**

Dated: January 29, 2025

RITA F. LIN
United States District Judge